So, Mr. Wall, are you the moving party? I am, Your Honor. Do you have another counsel with you, Mr. Avery, is that correct? Yes. Will he be speaking? I'm here to answer any questions the panel might have. I'm the trustee's counsel, so I know the current status of the case. Thank you. So please come to the podium, introduce yourself, tell us who you represent. May it please the Court, Bill Wall, representing the Shriver Family Trust. And do you wish to reserve any time? Yes, Your Honor. I would wish to reserve five minutes. I also note the clerk's order originally said these were 15-minute arguments. I don't, you know, I can tell the Court I don't have 15 minutes planned, depending on the Court's questioning for me, and I notice the counsel. You've got to be very, very careful about that, because most people who say they don't have 15 minutes usually proceed to take 15 minutes. So it's a promise you almost never kept in this Court, but you may proceed. I'd say I'm about 50-50 on it. Okay. Thank you. May it please the Court. My name is Bill Wall. I represent the Shriver Family Trust. We're here on a motion to dismiss. Essentially, we have a notice of appeal filed at the wrong time in the wrong place, and it still hasn't been filed in the right place. There's been no request for an extension of time to file it. Based on the clerk's notice requesting special briefing, I'm going to jump straight to the Hamer issue, which I believe is what the Court's most interested in. And quite frankly, I don't believe the Hamer issue is really in play at all. My reading of Hamer is that when a court, when an appellate court does not have jurisdiction, although I don't know why it would be different for any other court, when it doesn't have jurisdiction, subject matter jurisdiction can't be waived or forfeited. I learned that in civil procedure in law school, that a court can't enter an order over a matter it doesn't have subject matter jurisdiction over. I believe that's all Hamer says. And then it discusses the ways of conferring jurisdiction, which is either through Congress, or which is only through Congress. But it also uses the term mandatory claim processing rule. And I don't want to lose sight of that, that the federal rules of bankruptcy procedure have been issued, and following the dates and the timelines within those rules are mandatory. Whether or not they confer jurisdiction doesn't allow for dismissal on other grounds, if those rights aren't waived. What Hamer, again, going back to Hamer, so I don't see it as an issue, because I don't think we're raising the issue of whether the appellate court can enter a final order. We are raising the issue of, it would be incumbent on appellants to raise the issue of whether they can file a late notice of appeal. And, again, as set forth in our papers, they have not properly filed a notice of appeal with the bankruptcy court, as required by, I believe it's 8001. They have not filed a motion to extend time in order to file an appeal. The closest thing they've done is throw some facts relevant to our motion to dismiss as reasons slash excuses why it wasn't timely filed. It does not, the appellant has not raised the issue, or has not moved to extend time to appeal, has not timely filed a notice of appeal, and only opposes the motion using the word excusable neglect. It doesn't cite any appellate authority saying that counsel's conduct or representation in the bankruptcy court gives the appellate court grounds to deny a dismissal motion if, for the first time in the appellate court, the appellant raises excusable neglect as a reason to timely file an appeal. Again, as we sit here today, there has been no motion to extend time to file an appeal filed. There has been no notice of appeal filed in the bankruptcy court. And, again, using the language of Hamer citing other cases, these are mandatory claim processing rules. We've obviously raised them. We're here on a motion to dismiss. If we were, if this was oral argument on the substance of the case, we couldn't say, well, oh, by the way, this panel doesn't have jurisdiction. I get that. Hamer tells us that's a waiver because we needed to assert the protection of these rules. But we've done that. There's no reason they shouldn't apply. And, candidly, with all that in mind and with Judge Kurtz's admonition in mind, I'm more than happy to answer any questions, but I don't believe. So the first question, of course, is it jurisdictional, which is the power to decide whether the court has been empowered to decide this case, has jurisdiction to decide this case. And in Hamer, the admonition from the appellate court was that that, over the course of time, had become misused. And they weren't talking about jurisdiction. They were talking about whether a statute authorized certain conduct and used the word, well, you don't have jurisdiction. What they were basically saying was, well, that statute didn't say you could do that, but that's not jurisdictional. Your argument, as I understand it today, is that even if it's a claim processing rule, it should be dismissed. Is that your basic argument? Yes, but I would emphasize the Supreme Court's language of mandatory claim processing rule. But, yes, it should still be dismissed. Again, on the very basic grounds there was no timely notice of appeal filed and no timely notice of an extension to file an appeal file. So just so I've got it right, trying to follow up on Judge Kurtz's question, if the Supreme Court tells us in Hamer that there's sort of two sources for these deadlines, one is statutory Congress has said thou mayest only do this thing in this way at this time, that's jurisdictional, that's not what you're arguing here? Correct. Okay. You're arguing that the mandatory claims processing process simply wasn't adhered to here and thereby we should dismiss based on that. Well, yes, but it's a more particular argument than that going back to Hamer. And I don't know if it's Hamer or Hammer. But 8001 says the same thing. You have to file within the right time and within the right place. And that mandatory claim processing rule also says, and I misplaced my notes, but the bankruptcy appellate panel or district court may, I'm paraphrasing, but grant due consideration to any circumstances except the timely filing of an appeal. So that is our argument, is more or less Hamer doesn't apply. It's really that we don't have to get to it. Your point is that you've made a timely objection. It's not waived. You don't have to get to the second level analysis just to force. I guess I would say same. Yes, that's put better than I would have put it, that we don't get to it. It's a different side of the same coin. The court has jurisdiction to dismiss the appeals, what I'm saying. And the rules dictate that the court or the panel should dismiss the appeal. The Hamer court would say if we went all the way through, we could still raise the jurisdictional argument. And, again, I'll use the term subject matter jurisdiction. But we could still raise the argument at any point even after a judgment is entered. I'm extrapolating a little bit from Hamer, but I think that's a very fair reading of it and similarly a relevant reading of it because we've raised the argument here. Thank you, counsel. Thank you, Your Honors. Any more questions? Mr. Wyatt? You have 20 minutes. Good morning, Your Honors. May it please the Court, my name is Andrew Wyatt. I represent the appellant, Yvonne Wilkins. One thing I wanted to point out, Your Honors, is that counsel mentioned about the wrong place. That was never mentioned in any brief that they filed. It's the first time I'm hearing about that, and I believe that's really not an issue before the court. My understanding of the Hamer case is that the Supreme Court is trying to indicate that if it's jurisdictional, then there is no discretion on the part of the court to extend time limits. When it's a mandatory claim processing rule, which is a court-made rule, then it becomes a case-by-case evaluation. And the fact that they try to distinguish Hamer and say it's not applicable, however, looking at the appellee's brief, they want this court to follow a draconian procedure, basically saying it doesn't matter what happened. Essentially, if it's not within that time frame, therefore, it must be dismissed. And I think that one thing about the courts is that there is equitable powers that the courts have, and that there may be times, there may be reasons that the court might consider what they call excusable neglect or sufficient grounds for allowing an appeal to go forward. One of the arguments that... Well, the only basis for deciding that there was excusable neglect to allow this appeal to go forward would be if we decide that the applicable rule in statute is not jurisdictional. Is that correct? That's correct, Your Honor. So we'd have to decide that issue first. Absolutely, yes. So it would have to be a claim processing rule as opposed to a jurisdictional rule in order for us to decide that it could be waived or forfeited. Is that right? And I'd like to point out that appellee and their brief admit to that, that it's not jurisdictional, that it is a claim processing rule. But, yes, the court would decide whether it's a jurisdictional issue or whether it's a claim processing rule. As I understand your opponent's argument, your opponent's argument is that even if it is a claim processing rule, the claim processing rule, there's no request here for... They acted timely, so there's really no issue on the table as to whether it was waived or forfeited. Correct. That's true. That's not the issue in this case. However, it still brings us to the point of where even given that they've raised objection, the court does have the right to decide on equitable grounds whether to allow the appeal to proceed or not. Only if it's not a jurisdictional problem. The court has jurisdiction to decide whether it has jurisdiction, but once it decides it doesn't have jurisdiction, it has no authority whatsoever. Understood. Understood. But I don't believe that's the case here. I believe that the court does have jurisdiction to decide whether to allow it to proceed or not, and, of course, the court has the jurisdiction to decide whether it has jurisdiction. So, obviously, as a preliminary matter, the court must determine that, and then if they do, then they can get to the second level evaluation of whether the grounds that were cited in my papers were sufficient to allow the appeal to proceed. Do you have any questions? I don't. All right. Thank you for your time, Your Honor. Thank you. Counsel, you may have considerable time for rebuttal. Again, Your Honors, I think I can make it, but no promises. A couple issues. Number one, I may have misspoken about the appeal being filed in the wrong place. My point more broadly was, or to be more precise, if you are going to file a late-filed appeal, you need to seek leave from the bankruptcy court on one of the grounds set forth, and what the appellant seemed to urge is that this is excusable neglect. The proper procedure, then, would be to file a motion with the bankruptcy court to extend time to file the appeal. Again, there are four factors that go into that. Since this wasn't really briefed, I know the appellant is kind of skipping a step here. It's not we move to dismiss, and then they say excusable neglect. Once they've missed the deadline, it's incumbent on the appellant to file the motion to extend that deadline. Hamer doesn't speak to that, but again, it uses the word mandatory. This is kind of a basic, we have rules for a reason, and at what point does excusable neglect just become neglect? Obviously, a health issue is a substantial deal, and I'm sympathetic to it. An email issue, when there's a specific mandate from the appellate manual that it is the appellant's or all parties' duty to monitor the docket, I don't know that email system being down is excusable. Whether or not it is, using Judge Spraker's language, I don't believe that's a question we get to. We're still at the procedural point. Was the appeal properly filed? It wasn't. It wasn't timely filed. There was no, and still hasn't been, any motion to enlarge the period within which to file an appeal. Now, if that motion were to come, we would examine the factors that Judge Carroll used in Rebel Rents, citing a Ninth Circuit case, which off the top of my head, well, I'm not even going to try off the top of my head, because we're not getting there. What we have is a motion to dismiss, and in response, a dismissal's a draconian result, and quite frankly, it's not. I'm not going to go so far as to say holding up the administration of the estate's a draconian result, but I will say it has consequences, and that's something the court should consider. If nothing else, the bankruptcy court should have the opportunity to decide if a late filed appeal could be filed, and then it can be properly briefed if necessary, and then if they want to file an appeal, assuming the bankruptcy court finds that. Your argument is that if they want to extend the time for appeal, that they have to ask the bankruptcy court for that permission. Wouldn't we have authority, assuming that this was just a claim processing matter, wouldn't we have the authority to decide that you had waived it? Why would we have? I mean, I guess what I would say is, theoretically, you would have the authority, but I don't see how we could have waived it by filing a motion to dismiss within days of the appeal being filed. So, one, I'm not sure of that jurisdictional issue, but I would also, again, let's call that a mandatory claims processing issue. There's a reason the rules of bankruptcy procedure say this needs to be filed in the appellate court first, and, excuse me, filed in the bankruptcy court first, and that didn't happen. And, obviously, the panel is far more familiar with running a bankruptcy court and appellate process than I will ever be, but there is a reason for those rules, or mandatory claim processing rules, as the Supreme Court called them. And with that, at a certain point, even if the bankruptcy courts are courts of equity, they can't throw up their hands and say, well, all bets are off. There's a rule somewhere, and some case law somewhere, which kind of applies, and we've ignored the whole procedure. We didn't file the appeal timely. We never filed a notice of time, a motion to extend the time to file an appeal. We don't know whether the precise legal standards for a late-filed appeal, or actually I shouldn't say late-filed appeal, in large time to file an appeal have been met. And all those are issues that, one, we have the right to address. Two, in protecting, for lack of a better word, its own orders, the bankruptcy court should have the right to evaluate, as well as the fact the bankruptcy court is more familiar with the facts of the case, the facts of the parties, and can take those things in mind when. I'm curious, counsel, why is it that you're taking that tack as opposed to the tack that would say, well, the first question before the court is whether there's jurisdiction at all? If this is a jurisdictional statute and rule, that's the end of the discussion. We don't go to waiver. We don't go to excusable neglect. It's simply untimely, no jurisdiction. The way I read Hamer, and I will happily look at it again, but my understanding is simply intellectual honesty dictates I not try and put that square peg in a round hole. Anyway. Well, I think one of the points is whether you're arguing it or not, we have to figure that out. We have to decide that. Even if you theoretically waive that argument, we have a responsibility to answer that question. I agree, and I appreciate that. But, I mean, I guess, but I think my, I would like to see. I mean, if your argument is it doesn't matter, that's just dead wrong. It matters a lot. If your argument is I'm not arguing it's jurisdictional, that may not be okay. We have to decide that. You know, this issue came up in front of the Sixth Circuit back. They filed an opinion this week, and their conclusion under these facts was it's jurisdictional. Your Honor, I wasn't aware of that opinion, to be honest. Well, it's only come out this week. Right. Okay. Well, I mean, I appreciate that. I guess what I would say, you know, it's a court case. I'm obviously not here to argue it's not jurisdictional. You seem to be arguing it's not jurisdictional. No, what I'm arguing is that with the mandatory claims processing scenario, it doesn't matter. And I don't mean to . . . I mean to be respectful of Judge Lafferty's point that when a court has jurisdiction to enter an order, it's certainly important. You know, the whole court system doesn't work without it. I understand that. But I also understand with, one, the use of resources available when our mandatory claims processing argument in these facts is what it is. I don't want to belabor a point which is truthfully where I am just as strong. That's my point. I don't exactly . . . unless I have missed something. And to be candid with the court, as you may see from the briefs, I'm to a certain extent pinch-hitting because of a last-minute conflict of counsel. I apologize for not being aware of the Sixth Circuit case. But it seems to me that's a two-minute law clerk exercise. Who issued FRBP, the 8000 series? Was it Congress or was it the court? And if it was the court, then I believe Haber's satisfied. If this panel finds Haber's not satisfied, my client's certainly not going to appeal that decision. We believe it's appropriate. But that's my kind of summary of where we are. And I think my . . . at least as I've read everything, my duty of the candor to the court won't let me come up here and say this court doesn't have jurisdiction. That's just the way I read it. I do ask that the court consider the written briefs more than my statements unless there's something I could . . . With that in mind, I'm happy to answer any other questions. All set. Thank you very much. We're going to recess until 9.30 so that the clerk can take a head count. I see some other folks have come into the court. And housekeeping, I assume, even though this is a motion, but I assume it's taken under submission and the court will issue an order at some other point rather than oral order? That's correct. Thank you, Your Honor. Thank you. All rise.
judges: Kurtz, Lafferty, Spraker